UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COTA McKINNON,

        Plaintiff,                        CIVIL ACTION NO. 11-13280

        v.                               DISTRICT JUDGE STEPHEN J. MURPHY, III

DONALD R. COOK, STATE OF          MAGISTRATE JUDGE MARK A. RANDON
MICHIGAN, COUNTY OF WAYNE,
LINDA V. PARKER, KYM L.
WORTHY, and AMY C. SLAMEKA,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTIONS TO DISMISS (DKT. NOS. 3, 11, 14 AND 17)**

**I.  INTRODUCTION**

This is a prisoner civil rights case.  Plaintiff challenges the validity of his criminal convictions in a suit filed against the State of Michigan, the presiding judge, the prosecutor and assistant prosecutor and his criminal defense attorney (collectively "Defendants").  Defendants, by way of four separate motions have moved to dismiss (Dkt. Nos. 3, 11, 14, 17).  Because Plaintiff has not obtained habeas relief or other invalidation of his underlying convictions, **IT IS RECOMMENDED** that the motions be **GRANTED** and Plaintiff's lawsuit **DISMISSED WITH PREJUDICE**.

## II.  FACTS

In criminal proceedings in the Third Judicial Circuit Court of Michigan, a jury found Plaintiff guilty of three felonies: Robbery-Armed, Home Invasion-1st degree, and Felony Firearm. Judge Linda V. Parker sentenced Plaintiff to serve 18 years, 9 months to 35 years for the robbery conviction; 6 to 20 years for the home invasion conviction; and two years for the felony firearm conviction.  Plaintiff is currently serving his sentence at the St. Louis Correctional Facility in St. Louis, Michigan.

Plaintiff's Complaint describes a bizarre series of events.  As best as can be deciphered, he alleges the Third Judicial Circuit Court of Michigan lacked the jurisdiction to prosecute, convict and sentence him (Dkt. No. 1, p. 23).  Specifically, Plaintiff alleges Defendant, State of Michigan "created instruments consistent with aggravated identity theft" and "converted his private property to public use" in violation of federal criminal statutes 18 U.S.C. §§ 1028, 242, and 241 (Dkt. No. 1, pp. 10-11).  The County of Wayne and Wayne County Prosecuting Attorney Kym L. Worthy  "produced charging instruments" that "compelled him to impersonate a public officer" and "impersonate a statutory U.S. citizen," which "has the effect and equivalency of kidnapping" in violation of federal criminal statutes; 18 U.S.C. §§ 2101,912, and 654 (Dkt. No. 1, pp. 9-10).  Judge Linda V. Parker wrongfully sentenced him in violation of the United States Constitution, Michigan Constitution Article 4 §§24-27, federal criminal statutes; 18 U.S.C. §§3, 4, 1581-1588 (Dkt. No. 1, pp. 11-12).  Amy C. Slameka initiated a "proceeding to extort . . . monies" from him which generally violated Title 18 of the United States Code (Dkt. No. 1, p. 11).

Plaintiff alleges Defendants collectively created an artificial person denoted by "COTA MCKINNON" (Dkt. No. 1, p. 9). Plaintiff contends he is not this person, but rather he is a foreign sovereign of the "Kingdom of Heaven" denoted by Cota Mckinnon (Dkt. No. 1, p. 24). Plaintiff alleges that all criminal pleadings were in the form of "COTA MCKINNON" not him personally Cota Mckinnon. He, Cota Mckinnon was then wrongfully prosecuted, convicted and sentenced in violation of his rights and diplomatic status (Dkt. No. 1).

Plaintiff seeks damages and equitable relief. Specifically, Plaintiff seeks over 600 million dollars in damages, an order to be discharged from prison, a "Certificate of Constitutionality" for his imprisonment, and copies of the Defendant's licenses (Dkt. No. 1, pp. 16-19).

Defendants, pursuant to Fed. R. Civ. P. 12(b)(6), request dismissal of Plaintiff's Complaint.

### III. ANALYSIS

**A. Plaintiff's Claim is barred by the *Heck* Rule**

"Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions." *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). As a consequence, the Supreme Court has instructed, "[A] state prisoner's claim for damages [and declaratory relief] is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

There is no record that Plaintiff has filed an appeal of his state criminal convictions or sought habeas relief in this court.[1] It is also clear that Plaintiff's lawsuit attempts challenge his underlying conviction and seeks his immediate release from prison (Dkt. No 1, p. 17). A prisoner civil rights suit is not the appropriate vehicle to seek such relief and Plaintiff's lawsuit must be dismissed.[2]

## IV. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motions be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.

---

[1] The only record on the Michigan Court of Appeals website involving Plaintiff is his appeal of a second degree murder conviction in 1992. Plaintiff's conviction was affirmed on appeal. Available at: http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=153964&fparties=&inqtype=public&yr=0.

[2] Defendants would alternatively be entitled to dismissal *with prejudice* on the grounds of immunity. Eleventh Amendment immunity applies to the State of Michigan. *Lawson v. Shelby County, Tennessee*, 211 F.3d 331 (6th Cir. 2000). Absolute judicial immunity shields Judge Parker. *Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). And, absolute prosecutorial immunity applies to Prosecutor Worthy and Assistant Prosecutor Slameka. *Howell v. Sanders*, __ F.3d __, 2012 WL 310821 (6th Cir. Feb. 2, 2012).

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2012

*Certificate of Service*

I hereby certify that a copy of the foregoing document was served on the parties of record on February 3, 2012, electronically and/or by first class mail.

s/Barbara M. Radke<br>
Judicial Assistant to Magistrate Judge Mark Randon