UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COTA McKINNON,

    Plaintiff,

v.

DONALD R. COOK, et al.,

    Defendants.
                                      /

Case No. 11-cv-13280

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** (docket no. 21)**, AND GRANTING DEFENDANTS' MOTIONS TO DISMISS** (docket nos. 3, 11, 14 and 17)

    Plaintiff Cota McKinnon, who is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a civil complaint challenging the validity of his state criminal convictions. In his voluminous filings, Plaintiff makes a series of allegations that appear to argue that his armed robbery, home invasion, and felony firearm convictions are invalid because the Third Judicial Circuit Court of Michigan lacked the jurisdiction to prosecute, convict, and sentence him. He claims that no government can "concern itself with anything other than corporate, artificial persons" and that he is not an artificial person. Compl. ¶ 21, ECF No.1. He seeks in excess of $600,000,000.00 in damages against the judge who presided over his criminal case, the prosecutor, assistant prosecutor, and his criminal defense attorney claiming that "Defendants did fraudulently create the Plaintiff to help the government carry out private transaction in commerce." *Id.* at ¶ 26.

    The case was referred to a magistrate judge who recommends granting the Defendants' motions to dismiss and dismissing Plaintiff's claims with prejudice. Report 4, ECF No. 21. The magistrate judge notes that Plaintiff's complaint is barred by *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994), because a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence and he cannot demonstrate that his conviction or sentence has been previously invalidated. *Id.* at 3. Further, Plaintiff has not sought habeas relief and a prisoner civil rights suit is not the appropriate vehicle to challenge his criminal convictions. *Id.* at 4. The magistrate judge also notes that Defendants, State of Michigan, Judge Parker, Prosecutor Worthy, and Assistant Prosecutor Slameka, are entitled to dismissal with prejudice on the grounds of Eleventh Amendment immunity, absolute judicial immunity, and absolute prosecutorial immunity. *Id.* at 4, n.2. Plaintiff filed objections to the magistrate judge's recommendation.

A district court's required review of a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Further, failure to file specific objections constitutes a forfeiture of any right to appeal the district court's judgment. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). To the extent Plaintiff cites any specific objections, these objections lack merit and merely recite the same or similar arguments found in his complaint, including that he is not a "person" as defined by Michigan law and that because he is a non-taxpayer and non-government officer he is not subject to federal revenue laws. Obj. 2-7, ECF No. 24. He maintains that Defendants have no jurisdiction over him and objects to any actions taken by the Court, other than scheduling the case for trial, because he is "a minister of a foreign state with diplomatic immunity, which foreign state is the Kingdom of Heaven." *Id.* at 15-16.

The Court will overrule Plaintiff's objections, adopt the magistrate judge's report and recommendation and dismiss Plaintiff's complaint with prejudice. Additionally, the Court

finds that Plaintiff's complaint fails to state a claim upon which relief can be granted and will dismiss his complaint on this ground as well.

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's report and recommendation (docket no. 21) is **ADOPTED**, Defendants' motions to dismiss (docket nos. 3, 11, 14, & 17) are **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 29, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on 2/29/2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager